## Bailey, Appellant, *v.* Bailey.

*Practice, C. P.—Assumpsit—Issue—Death of a party—Verdict—Judgment non obstante veredicto—Question not raised by the pleadings.*

Where an issue in an action of assumpsit is completed by the pleadings, during the lifetime of the parties thereto, the subsequent death of the defendant, and the substitution of his legal representative, does not in any way change the issue which must be tried and determined as framed by the pleadings.

The issue presented by the pleadings being whether or not plaintiff sold his interest in a partnership to defendant for $4,000, as alleged by plaintiff, or $3,000 as claimed by defendant, it was error for the court to determine as a fact that $3,000 was the true

price for the partnership interest, and that the $1,000 was in fact a part of another transaction and had been paid. The determination of the question of fact, on the only issue raised by the pleadings, was for the jury and the jury having found for the plaintiff, upon evidence sufficient to support their verdict, it was error for the court to enter judgment for the defendant, non obstante veredicto.

Argued November 8, 1920. Appeal, No. 82, Oct. T., 1920, by plaintiff, from judgment of C. P. Lycoming County, Sept. T., 1918, No. 55, for defendant non obstante veredicto in the case of William Bailey v. Sarah Elizabeth Nicely Bailey, Executrix of J. Hess Bailey, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit for balance of purchase money alleged to be due on verbal contract. Before WHITEHEAD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,258. Subsequently, the court, on motion entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was entry of judgment non obstante veredicto.

*T. M. B. Hicks,* and with him *John J. Reardon* and *Henry C. Hicks,* for appellant.—The acts authorizing judgment n. o. v. were not intended to disturb the distinction between the province of the court and that of the jury: Shannon v. McHenry, 219 Pa. 267; Hunt v. P. & R. Ry. Co., 224 Pa. 604.

The whole controversy being a question of fact was properly for the jury: Home Bldg. & Loan Assn. v. Kilpatrick, 140 Pa. 405.

*John G. Reading,* and with him *Thomas Wood,* for appellee.

OPINION BY PORTER, J., July 14, 1921:

The plaintiff brought this action to recover the balance by him alleged to be due upon the sale to J. Hess Bailey of the interest of the plaintiff in a lumbering operation in which they were engaged as partners. The plaintiff recovered a verdict, but the court entered judgment in favor of the defendant non obstante veredicto, from which action the plaintiff appeals.

The action was brought, in September, 1918, during the lifetime of J. Hess Bailey, who filed an affidavit of defense, J. Hess Bailey subsequently died and his executrix was, by consent, made a party to the record. The affidavit of defense having been made by the defendant, not by an executor or other party acting in a representative capacity, the disputed questions of fact, the issue which was to be submitted to the jury, must be ascertained from the statement of his claim by the plaintiff and the affidavit of defense, in the manner required by the "Practice Act of nineteen fifteen." "Every allegation of fact in the plaintiff's statement of claim not denied specifically or by necessary implication in the affidavit of defense must be taken as admitted." "Neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense, or the plaintiff's reply, as the case may be." The plaintiff's statement of claim, in this case distinctly averred that he had sold to the defendant his interest in the partnership business for "the consideration of $3,000 in cash and $1,000 in five years from and after July 1, 1910, that is to say, on or before July 1, 1915, without interest, and that said agreement between plaintiff and defendant as to the said deferred payment as aforesaid was verbal," and that the defendant had neglected and refused to pay the said sum of $1,000. J. Hess Bailey, in his affidavit of defense, admitted that he had bought the interest of the plaintiff in the partnership business on or about July 1, 1910, but averred "that the agreed price was to be $3,000," which amount he had paid. The concluding

sentence of the paragraph of the affidavit of defense referring to this transaction was in the following words, viz: "The defendant specifically denies that he ever agreed to pay in any way any amount whatever other than the said sum of $3,000." The plaintiff had in his statement averred a right to recover a specified sum of money arising out of a transaction having no connection with this claim for $1,000, which the affidavit of defense specifically denied, but, as the death of the defendant before the trial rendered the plaintiff incompetent as a witness, that item of the claim dropped out of the case and nothing was said about it at the trial. The affidavit of defense did not aver, nor was there in it anything which could be held to imply that the defendant ever had paid the $1,000 in dispute. The plaintiff admitted that he had received $3,000 on account of the sale of his interest in the partnership and averred that he was entitled to receive an additional $1,000, without interest, within five years from July 1, 1910. The defendant did not aver that he had paid more than $3,000, but specifically averred that $3,000 was all that ever he had agreed to pay. The only issue which, under the pleadings, was to be determined at the trial was whether the price agreed upon had been $4,000, as asserted by the plaintiff, or only $3,000 as alleged by the defendant. The plaintiff assumed the burden of proving that the price agreed upon for the sale of his interest was $4,000. There was no suggestion in the pleadings nor did it appear in evidence that the agreement had been in writing. The plaintiff called a witness, apparently disinterested, who testified that J. Hess Bailey had told him, in the presence of the plaintiff, that the price at which he had bought the interest of the plaintiff was $4,000, $3,000 of which was paid in cash and the remaining $1,000 was to be paid in five years from July 1, 1910, without interest. The provisions of the Practice Act of 1915 seem to have been lost sight of by the learned judge of the court below, who, in his charge, submitted to the jury

not only the question of whether J. Hess Bailey had agreed to pay $4,000, but submitted, also, the question whether he had paid it, which latter question did not arise under the pleadings. The jury found a verdict in favor of the plaintiff for $1,258, thus including interest on the $1,000, from July 1, 1915. The court entered judgment non obstante veredicto in favor of the defendant, not upon the ground that there was no evidence to sustain the finding of the jury that J. Hess Bailey had agreed to pay the plaintiff $4,000 for his interest in the partnership, but upon the ground, as stated in his opinion, that the $4,000 had been paid. The court based this finding of fact, which finding was in contravention of the verdict of the jury, upon the following circumstances. The witness who testified to the conversation between himself and J. Hess Bailey, in the presence of the plaintiff, in which Mr. Bailey had said that he had bought the interest of the plaintiff for $4,000, of which amount he had paid $3,000 and was to pay $1,000 in five years, fixed the date of that conversation as in July, 1910. In April, 1912, the plaintiff had executed a deed, which was offered in evidence by plaintiff, conveying his interest in the land, which was a part of the partnership property, to J. Hess Bailey, in which deed the consideration named was $1,000, the receipt of which the deed acknowledged. The learned judge reasoned that this disclosed that J. Hess Bailey had paid to William Bailey the sum of $1,000 subsequently to the time of his conversation with the witness and that, therefore, it must be held to be conclusively established that J. Hess Bailey had paid to William Bailey $4,000 as the consideration for the sale of the interest of the latter in the firm. The deed to which the learned judge gave this effect did not purport to be a conveyance of the plaintiff's interest in the firm, it conveyed only the plaintiff's undivided one-half interest in a certain tract of land, which had been conveyed to the parties as tenants in common, not as a partnership. The land may have be-

come partnership property, because of the manner in which the parties had dealt with it, but this conveyance was only an incident to the dissolution of the partnership. The lumber operation was a going concern, it had personal property, accounts due for lumber sold and the other assets usually appertaining to such an operation. The acknowledgment of the receipt of the purchase money, in the deed, is of course prima facie evidence that the consideration had been paid, at or before the delivery of the deed. There is no doubt, under the pleadings and the evidence, that J. Hess Bailey had already paid to the plaintiff $3,000 upon account of the purchase money of his entire interest in the property real and personal, which amount exceeded the consideration mentioned in this deed. There is nothing in the pleadings or evidence which indicated that the plaintiff was to retain title to any of the property until the last installment of the purchase money was paid. The implication arising from the pleadings and the inference natural to be drawn from the evidence is that the defendant was to at once obtain title to all the property of the partnership. The making of this deed was simply an incident of the sale upon account of which the defendant had already paid $3,000. The court below was not warranted, under the circumstances here presented, in assuming it conclusively established that the defendant had paid an additional $1,000 at the time of the delivery of the deed. Even if that question had been involved in the pleadings, it was a question for the jury and not for the court. The jury having found for the plaintiff upon the only issue raised by the pleadings, and the verdict having been based upon sufficient evidence, the court erred in entering judgment in favor of the defendant notwithstanding the verdict. All the specifications of error are sustained.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment on the verdict.